IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BARBARA R., as parent and next friend of**
**S.R., a minor child,**

       **Plaintiff(s),**

  vs.                                **CIVIL NO.03-1225 MCA/WDS**

**CYNTHIA COUCH, ANGELA MAES,**
**TYLER DUMARS, and PETER CHAVEZ in their**
**Individual capacities, and the NEW MEXICO**
**CHILDREN YOUTH AND FAMILIES**
**DEPARTMENT,**

       **Defendant(s).**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Compel Plaintiff to Authorize Her Guardian Ad Litem to Testify to Conversations With Plaintiff or in the Alternative Motion to Compel Guardian Ad Litem to Testify to Conversations with Plaintiff (Docket No. 74). The facts are not essentially in dispute, though the application of legal principles to those facts are.

Ms. Cindy Mercer, an attorney, was appointed under and Abuse and Neglect Act proceeding as the guardian ad litem (GAL) for S. R., the minor child plaintiff in this case. At a point during her service as GAL the child allegedly made a certain accusation to a third party that her foster parent, Defendant Pete Chavez, had "mooned" her. The facts appear to be as follows. On July 14, 1999, Defendant Chavez contacted Defendant Maes of CYFD and requested that the child be removed from his home due to misconduct. According to Chavez, he also contacted the

GAL about the child's conduct and was told by the GAL that he was jumping the gun and that the child should not be removed at that time.  On July 19, 1999, Defendant Chavez again contacted Maes and informed her that the child, while on "respite" at the Payton home, had accused him of "mooning" her.  On the same date Maes interviewed the child.  Apparently the child did not confirm that the incident occurred.  Nevertheless, Maes notified the GAL of the situation.  The GAL has refused to testify about this conversation with Maes.  The GAL has also refused to testify about the conversation with Defendant Chavez which allegedly occurred on July 14.

A few days after the incident the GAL interviewed the child and spoke to her about various issues.  The GAL's failure to answer any of those questions gives rise to this motion (and to two others which will be addressed by the Court separately).

Plaintiff claims that any conversations between the GAL and the child are protected by the attorney client privilege.  Defendants assert that the actions of a GAL in responding to allegations of abuse of a child are fact finding actions to assist the court in protecting the child.  Defendants also assert that the GAL's communications were not intended to be confidential and they cite to letters written to others by the GAL about conversations with the child.

In the Court's opinion this case is governed by *State of New Mexico ex rel. Children, Youth and Families Department v. George F.*, 125 N.M. 597, 1998 NMCA 119 (1998).  In that case, Judge Bosson writing for the court notes that GALs have dual roles. They act as an extension of the court by performing quasi-judicial functions of investigation of facts and reporting to the courts and at the same time acting as an advocate for the child's position.  The *George* court noted the statutory requirements to report to the court on the child's placement, treatment, etc., require the GAL to do fact finding which is not the traditional role of an attorney,

but rather the role of an arm of the Court. Admittedly, the *George* case concerned a GAL's demand that she be allowed to speak to employees of CYFD, while the department asserted this same privilege. The underlying rationale is, however, the same and is controlling in this case. When a GAL hears of allegations of abuse against a child the GAL represents, the fact finding required to be done by the GAL to substantiate the allegations (or to disprove them) are matters in the service of the court and no attorney client privilege attaches. The Plaintiff has put forward no argument that the particular discussions at issue here fell somehow outside of the fact finding role. To protect such conversations in this circumstance would serve no public interest or policy.

As to the conversations with Chavez and Maes no basis for any privilege has been argued and none exists.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel Plaintiff to Authorize Her Guardian Ad Litem to Testify to Conversations With Plaintiff or in the Alternative Motion to Compel Guardian Ad Litem to Testify to Conversations with Plaintiff (Docket No. 74) is granted. Ms. Mercer as the guardian ad litem is ordered to answer all questions posed to her concerning her investigation and conversations with any persons, to include the child, which in any way deal with the child's allegations of sexual misconduct by Defendant Chavez.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**

Case 1:03-cv-01225-MCA-WDS   Document 123   Filed 03/30/05   Page 4 of 4